Filed 9/1/15  P. v. Tsang CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B256210 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA415144) |
| v. | |
| YAU SUM TSANG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Gail R. Feuer, Judge.  Affirmed.

_____

D. Inder Comar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An information, filed on December 27, 2013, charged Yau Sum Tsang with false imprisonment by violence (Pen. Code, §§ 236, 237, subd. (a)), a felony. The jury found Tsang guilty of the lesser offense of misdemeanor false imprisonment. The trial court ordered Tsang to serve 365 days in county jail. Tsang appealed.

We appointed counsel to represent Tsang in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On May 21, 2015, we sent a letter to Tsang and to counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Tsang and informed Tsang that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We did not receive a response from him.[1]

We have reviewed the entire record on appeal. Substantial evidence shows that Tsang intentionally confined the victim in her bedroom against her will for between 12 and 20 minutes and thus supports his conviction for misdemeanor false imprisonment. (*People v. Johnson* (1980) 26 Cal.3d 557, 578 [substantial evidence is that which is "reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt"].) We are satisfied that Tsang's counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

---

[1] We sent our letter to Tsang at his address of record in this Court. It was returned as undeliverable. Tsang has not provided this Court with an updated address. In a declaration filed as part of the *Wende* brief, counsel stated that he had sent a letter to Tsang at his last known address, which was in care of his trial counsel, and in that letter advised Tsang of the filing of the *Wende* brief. Counsel also sent Tsang a copy of the *Wende* brief and the appellate record. Counsel "further advised [Tsang] that he may personally file a supplemental brief in this case raising any issues which he chooses to call to the court's attention . . . ."

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

JOHNSON, J.

3